---O---

AMOS J. STILLWELL, Plaintiff in Error, *vs.* JAMES CRAIG, *et al.*, Defendants in Error.

1. *Practice, civil—Jurisdiction—Residence of parties—Hannibal Court of Common Pleas.*—The provision of the Practice Act, that "when there are several defendants and they reside in different counties, the suit may be brought in any such county," (Wagn. Stat., 1005, § 1), applies to the Hannibal Court of Common Pleas, if one or more of the defendants reside in Miller or Mason township, Marion county.

2. *Promissory note—Negotiability—Contracts.*—A note expressed to be "for value received in certificate of stock No. 650, for 10 shares of the capital stock of the State Insurance Company," and payable to the order of the treasurer, "in instalments not to exceed ten per cent. on each share, at thirty days' notice of call from the Board of directors," is a negotiable promissory note within the statutory definition.

3. *Corporation—Promissory note—Trust—Capital stock.—Quære,* whether a corporation can make a valid transfer of such a note, when held by it as part of a trust fund representing its capital stock ?

*Error to Hannibal Court of Common Pleas.*

*Henderson & Shields,* for Plaintiff in Error.

I. The note sued upon possesses all the requisites of a nego-tiable promissory note, viz: 1st. Certainty as to the payee; it is payable to the order of the treasurer of the company. 2d. Certainty as to the payer; the defendants are to make the payment.   3d. Certainty of amount; the actual amount here is stated in the note as $800, payable in instalments. 4th. Certainty as to time of payment; this is also fixed thirty days after notice of call or demand of each instalment. (Clayton vs. Gosling, 5 B. and C,. 360; 1 Par. N. and B., p. 39, § 4; Cota vs. Buck, 7 Met., 588, 589; 1 Par. N. and B., ch. 3, p. 41; Goshen Turnpike Co. vs. Hurtin, 9 Johns., 217; Washington County Mut. Life Ins. Co. vs. Miller, 26 Ver., 77; Dutcher's Cotton Manf. Co. vs. Davis, 14 Johns., 238, 244.)   5th Certainty as to the fact of payment.   (1 Par. N. and B., ch. 3, p. 30; 2 Bouvier Dic. Title Prom. Note.)

II. Now if this is a promissory note at all, it is a negoti-able promissory note, because made so by our statute.   (Wagn. Stat. 1872., p. 216, § 15.)

III. Section 1, Wagn. Stat., (1872) p. 1005, provides that "where there are several defendants, and they reside in differ-ent counties, suit may be brought in any such county," &c. Sec. 12 Wagn. Stat. (1872.) p. 1008, provides that "where there are several defendants residing in different counties, a separate summons shall be issued to each county, including all the defendants therein," &c.   (See also Holland vs. Hunter, 15 Mo., 375.)

IV. In all respects the Hannibal Court of Common Pleas has full and complete jurisdiction of all cases within the town-ships of Mason and Miller, as the Circuit Courts have within counties.   The only exception is the one mentioned in the 3d section.   "No person living in the county of Marion and not in the townships of Mason and Miller, could be sued in said court," "except where part of the defendants residing in the county, live inside the townships and part outside, when the suit may be brought in either court."   (Sess. Acts 1868, p. 256.)   It will be seen that this exception extends only to the county of Marion, and the Marion Circuit Court.

*J. H. Chandler and James Carr*, for Defendants in Error.

I. The instrument sued on, as set forth in the petition, is a non-negotiable instrument; it was an obligation to pay certain moneys, upon contingencies not expressed in said instrument; it was an obligation which is not only not negotiable by its terms, but was an asset constituting a part of the trust fund held by said State Insurance Company of Missouri, and could only be collected to satisfy losses of the company, and could in no event be transferred by the company to any third party; hence the plaintiff below showed upon the face of his complaint that he had no right to recover.

II. This instrument is not only non-negotiable, but it is not a promissory note. It lacks all the essential elements of negotiable paper. It is contingent, as to whether any part of the amount shall be paid, upon their being losses and expenses of the company; and upon the further contingency of the cash premiums and deposit notes being insufficient to pay losses if they occur; and as to the amount it is contingent, as the par value of the shares does not appear from the face of the instrument sued on. It purports to be for ten shares and the aggregate amount is $800; when the amount of each share is ascertained, then the call should not exceed 10 per cent. thereon, it may be less. It is contingent as to the time when it should become due; it being provided in the charter that the "note is given for the better security of the policy holders * * * *; and further, that it should be liable for losses and expenses of the company whenever the cash premiums and deposit notes are insufficient to pay the same," it follows that the contingency of losses must occur, and the contingency of the insufficiency of the cash premiums and deposit notes. The charter is as much a part of the note as if it were written out in the body of it, (31 Barb., 177). A promissory note must be certain as to time of payment. (1 Pars. N. and B., 38.) It must also be certain as to amount. (*Id.*, 37.) A contract to pay money on a contingency, is not a promissory note. (Edw. Bills, pp. 140, 141.) No recovery can be

had on a note payable on assessments by the directors for losses, without showing that the losses have occurred, in addition to the call of the directors. (Pacific Mutual Ins. Co. vs. Guse, 49 Mo., 329 ; 19 Iowa, 502.) Unless the instrument sued on be negotiable, the parties defendant were improperly joined, and the court had no jurisdiction of the parties from Buchanan county, Craig, Garth and Gilkey, it being necessary to sue the obligor or maker before suing assignor ; both cannot be sued on non-negotiable instrument. (1 Wagn. Stat., [1872] p. 270, § 8 ; 23 Mo., 405.)

III. The plaintiff does not claim to be a policy holder, nor to have any interest in the notes as such. The instrument sued on constitutes a part of a trust fund created by the charter to indemnify policy holders against loss, for the 5th section of the charter laws of 1869, authorizing the company to make these contracts, declares that they are for the better security of the policy holders. (Sess. Acts 1869, p. 163, § 5.)

IV. The stock notes, if so called, are a trust fund, and can in no event be transferred by the company to individuals. The company can only sue to satisfy losses, and then only for the *pro rata* part owed by the party sued. (Sawyer vs. Hoog, Assignee Ins. Co., Cent. Law Jour., Jan. 22, 1874, p. 43 ; Wood vs. Dummer, 8 Bankr. Reg., 337 ; 3 Mason, 305 ; 19 Johns., 456 ; 15 How., 504 ; 17 Wal., 610 ; 19 Iowa, 582.)

V. The court had no jurisdiction under the law establishing it. (See Laws, 1868, p. 256.) It is a court of limited jurisdiction and confined to Mason and Miller townships, save in a solitary exception, when parties may be brought in from the county of Marion outside of said townships. By fixing this exception all others are excluded, and a party residing in Buchanan county cannot be joined in a suit in said court with a defendant residing in said township. Its jurisdiction extends only so far as the law confers it, no general jurisdiction being bestowed upon it by the constitution, as there is upon the Circuit Court. It is an "inferior tribunal," and as such all presumptions are against it. (51 Mo., 296.)

Lewis, Judge, delivered the opinion of the court.

Suit was instituted in the Hannibal Court of Common Pleas on a note for $800, given by the defendants Craig, Garth and Gilkey to defendant, The State Insurance Company of Missouri, and by the latter indorsed and delivered for value to the plaintiff. The note was expressed to be "for value received in certificate of stock No. 650, for 10 shares of the capital stock of the said State Insurance Company of the State of Missouri," and payable to the order of the Treasurer "in instalments not to exceed ten per cent. on each share at thirty days notice of call from the Board of Directors."

Process was served on the Insurance Company in Mason township, Marion county, and on the other defendants in Buchanan county, where they resided.

The defendants, Craig, Garth and Gilkey, after an ineffectual motion to quash the sheriff's return as to them, and a "plea to the jurisdiction" which was stricken out, demurred to the petition on the following grounds : "1. Because the court has no jurisdiction of the persons of the defendants Craig, Garth and Gilkey, or either of them. 2. Because there is a defect of parties defendant, and there are two causes of action improperly joined in this action ; one cause of action against the State Insurance Company alone, and one against the defendants Craig, Garth and Gilkey alone. 3. Because the defendant, The State Insurance Company of Missouri, is improperly joined, in this action, with the defendants Craig, Garth and Gilkey."

This demurrer was sustained, and judgment was rendered for the defendants. The sustaining of the demurrer is the only matter for revision here, which appears in the record.

The second section of the act of March 25th, 1868, relating to the Hannibal Court of Common Pleas, gives to that court "within the limits of Mason and Miller townships, in the county of Marion, in this State, exclusive original jurisdiction in all civil actions, both in law and equity." The third section is as follows: "Section 3. No person residing within the limits of Marion county, and beyond the limits of Mason and

Miller townships shall be sued in said Hannibal Court of Common Pleas, nor shall any person residing within the limits of said townships be sued in the Circuit Court for the county of Marion, except in cases where there are more defendants than one in the county of Marion, some of whom remain within and some of whom reside without the limits of Mason and Miller townships; in which event suit may be brought either in the said Hannibal Court of Common Pleas, or in the Circuit Court for Marion county, except as hereinafter provided."

The defendants contend that under these provisions, a defendant residing and found outside of Marion county cannot be sued in the Hannibal Court of Common Pleas, under any circumstances; that though, where there are several defendants, some may live within and some without the townships named, yet all must be residents of Marion county, or there will be no jurisdiction. Such a construction is inadmissible. The Practice Act provides (Wagn. Stat., p. 1005, § 1), that "when there are several defendants and they reside in different counties, the suit may be brought in any such county." A plaintiff would be deprived of all benefit of this provision, in any case like the present, if we adopt the interpretation claimed. If, under the first clause in the third section, he could not sue in the Common Pleas, it is equally true that the second would prohibit his suing in the Circuit Court. So that, in case of one defendant living in Mason or Miller township, and another in a different county, no suit could be brought in Marion county at all. The statute intends no such hindrance of justice. By admitting the jurisdiction, we give effect to the Practice Act without violating any express prohibition in the Common Pleas Law, and this is the only possible way to do so. We thus harmonize the two provisions and obey one of the first canons of interpretation.

The 8th section of the Common Pleas Act fully confirms this view, in directing that "the practice, process and proceedings in said Hannibal Court of Common Pleas shall be the same in all respects as is or may be provided by law for

the government of Circuit Courts of this State, &c." The act in all its purport and intents, places the court upon the same footing within its territorial limits, as that of the Circuit Courts in their respective counties.

The second and third grounds of demurrer introduced a discussion of the character of the instrument sued on. If it is not a negotiable promissory note, the action is improperly brought against makers and assignors together. But if it is such, there is no misjoinder of parties or of causes of action. Our statutory requisites for negotiable paper are fully met in this instrument. If it is a promissory note at all, it is "for the payment of money to the payee therein named," and is "expressed to be for value received." But the defendants insist that it lacks in two particulars, the certainty essential to make it a promissory note, viz: As to amount, and as to time of payment. The amount must, it is true, appear with absolute certainty, and cannot be left to depend on unsettled contingencies. The old maxim, *"id certum est, quod certum reddi potest,"* is to be excluded from consideration. But no difficulty is apparent here. The sum which the promissors are to pay is $800, neither more nor less.

As to time of payment, the law is less exacting. The maxim referred to is admissible. Contingencies in this particular must be exceedingly remote, in order to vitiate the paper for negotiable capacity. In Washington County Mut. Ins. Co. vs. Miller, (26 Vt., 77,) a note for twenty-one dollars, payable "in such portions and at such time or times as the said company may, agreeably to their act of incorporation, require," was held to be a promissory note for the sum specified, so as to determine a question of jurisdiction; but a doubt was expressed whether it would be such in a commercial sense. The doubt, however, as it seems to me, is not justified by the reasoning of the opinion, or by the authorities which it cites.

In President, Directors, &c. vs. Hurtin, (9 Johns., 217,) a similar instrument was held to be a good promissory note, as being "payable in money, and payable absolutely, and not

Stillwell v. Craig, et al.

depending on any contingency." In the element of certainty as to time of payment, I can perceive no difference in principle between such a note and one payable on demand. Hence, if the note under consideration be transferable at all, I have no hesitation in saying that it is negotiable, at least to the extent of authorizing a suit jointly against makers and indorser.

But a more serious question is suggested, which counsel have argued with much ability, and which is yet really not comprehended in this record. Had the Insurance Company lawful authority, under its charter, to negotiate or assign the note at all? The demurrer does not touch this inquiry. It is a question not of jurisdiction, or of misjoinder, but of a right of action in the plaintiff. If the corporation had no power to transfer the note, the plaintiff here could not maintain an action on it in any court or by any form of petition.

The demurrer does not object that the petition fails to state facts sufficient to constitute a cause of action; nor yet, that there is any defect of a party plaintiff. We might nevertheless assume that, as the petition now appears, the plaintiff has no standing in court, for want of authority in the corporation to assign to a stranger a note which it holds as part of the trust fund representing its capital stock. But, as this point was not reached in the court below, and the error, if any, is against the successful party, we think it best not to make a case outside of the record as it stands. If there are any special facts or considerations by which the plaintiff may establish a right to sue as indorsee in this particular case, he should be allowed an opportunity to use them. The jurisdiction over the parties being unquestionable, and there being no misjoinder, the court below erred in sustaining the demurrer.

The judgment is therefore reversed, and the cause remanded. Judge Wagner absent; the other judges concur.