HOME INSURANCE COMPANY, Appellant, v. DANIEL H. SHULTZ, Respondent.

### St. Louis Court of Appeals, March 27, 1888.

1. PRACTICE, APPELLATE—PREPONDERANCE OF EVIDENCE.—An appellate court will not interfere with the trial court's discretion as to the preponderance of evidence, in the absence of an appearance of unjudicial discretion.

2. ———— INSTRUCTIONS OBJECTED TO—MOTION FOR NEW TRIAL.—An objection that improper instructions were given will not be considered on appeal, when the attention of the trial court was not called thereto in the motion for a new trial.

3. CORPORATION, INSURANCE—TRANSFER OF PREMIUM NOTES.—Where, by the charter of an insurance company, the premium notes form a part of its capital stock, there can be no valid transfer of the title in such notes, to the impairment of the trust fund they constitute for the benefit of creditors, even for the purpose of reinsuring risks in other companies.

APPEAL from the Lewis Circuit Court, HON. BEN.
E. TURNER, Judge.

*Affirmed.*

BLAIR & MARCHAND and J. E. THOMPSON, for the
appellant : If plaintiff had the legal possession of the
note, of which there can be no doubt, it had the right to
sue and maintain this action for the collection of the
same. As between the American Insurance Company
and the Home Insurance Company, the Home was the
legal owner in law and in fact. From every view of the
case the Home Insurance Company is the real party in
interest, and it alone can sue on the note. Rev. Stat.,
sec. 3462 ; *Webb & Hepp v. Morgan*, 14 Mo. 428 ; *Wil-
liams & Yeatman v. Whitlock*, 14 Mo. 552 ; *Boeka v.
Nuella*, 28 Mo. 180 ; *Beattie v. Lett*, 28 Mo. 596 ; *Ben-
nett v. Pound*, 28 Mo. 598. *Ultra vires* by a corporation
is no defence to a note sued on by such corporation.
*City v. Gas Light Co.*, 70 Mo. 69 ; *Drug Co. v. Robin-
son*, 81 Mo. 18 ; *City v. Gas Co.*, 5 Mo. App. 484 ; *Drug
Co. v. Robinson*, 10 Mo. App. 588 ; *State to use v.
Heman*, 7 Mo. App. 420 ; *Bank v. Hunt*, 76 Mo. 439 ;
*Hovelman v. Railroad*, 79 Mo. 632. Though the char-
ter of a corporation be subject to forfeiture by the state,
a defendant in a suit by such corporation cannot avail
himself of such liability to forfeiture as a defence.
*Savings Institution v. Board*, 75 Mo. 408.

CLAY & RAY and ANDERSON & SCHOFIELD, for the
respondent : The instrument sued on is one of the
" premium notes " of the American Insurance Company
and constituted a part of its capital stock by express
legislative charter provision. It was part of a trust
fund that the law consecrated to the indemnity of policy-
holders and could not be diverted to any ulterior pur-
pose. *Stillwell v. Craig*, 58 Mo. 24, 31 ; *Bartlett v.
Drew*, 57 N. Y. 587 ; *Hastings v. Drew*, 76 N. Y. 9, 16 ;

*Trust Co. v. Miller*, 33 N. J. Eq. 155, 163; *Chouteau, Harrison & Valle v. Dean*, 7 Mo. App. 210, 214; *McGinnis v. Barnes*, 23 Mo. App. 413, 416; *Relfe v. Ins. Co.*, 10 Mo. App. 150. No authority existed or could exist in said American Insurance Company, its directors, officers, or agents to transfer, assign, or dispose of said premium notes, or any of them. Appellant is, therefore, not the legal holder nor owner of the note in suit and his action must fail. *Stillwell v. Craig*, 58 Mo. 24; *Black v. Canal Co.*, 7 C. E. Green, 130, 399; *Commonwealth v. Smith*, 10 Allen (Mass.) 448; *Richardson v. Sibley*, 11 Allen (Mass.) 65; *Trust Co. v. Miller*, 33 N. J. Eq. 155; *Price v. Ins. Co.*, 3 Mo. App. 262, 270; *Barden v. Ins. Co.*, 3 Mo. App. 248, 253; *City v. Gaslight Co.*, 70 Mo. 69; Morawetz on Corp. (1 Ed.) chap. 7, sec. 490; *Relfe v. Ins. Co.*, 10 Mo. App. 150. Even if the contract had been admitted and considered in evidence it discovers by its own terms an intolerable attempt to dispose of its assets and capital stock and shift its liabilities to another company. All the acts connected with such attempted assignment and transfer were against public policy, *ultra vires*, and void. *Bissel v. Railroad*, 22 N. Y. 258, 284. There was ample evidence in support of the issue on the part of the respondent. This court will not review the record to determine where the preponderance of evidence lies. *Gould v. Smith*, 48 Mo. 43; *Douglas v. Orr*, 58 Mo. 573; *McHugh v. Meyer*, 61 Mo. 334.

PEERS, J., delivered the opinion of the court.

This is an action on a non-negotiable instrument, designated as a "premium note," executed by the respondent to the American Insurance Company, for the sum of sixty-two dollars, payable in four annual instalments of fifteen dollars and fifty cents each, on the first day of April, 1884, 1885, 1886, and 1887. It was given for the premium for a policy of insurance executed by said American Insurance Company bearing even date with said note, April 2, 1883, insuring the respondent against

loss or damage by fire to dwelling, furniture, barn, live-stock, farm machinery, etc., to the amount of three thousand dollars, for the term of five years from April 2, 1883, to April 2, 1888.

The American Insurance Company was a corporation organized and existing under a special legislative charter, granted by the legislature of the state of Illinois, by an act approved February 15, 1855, and several subsequent acts amendatory thereof. Under said charter and its amendments the American Insurance Company was authorized to receive premium notes in payment of premiums for risks underwritten by it, and the instrument sued on is one of such notes; the instalment of premium for the first year covered by the policy having been paid in cash at or before the time of making the note.

Section ten of the original charter provides in respect of such premium notes as follows:

"The cash premiums received by the said company for risks in lieu of premium notes, and the cash premiums received in addition to the premium notes, shall be applied in payment of losses and expenses before any assignment shall be made upon the said *premium* notes, and the said *cash premium*, together with the *premium notes*, shall constitute the *capital stock* of this company."

By section two of the act amendatory of said charter, approved February 16, 1885, the company, "for the better security of policy-holders," was authorized to receive a guarantee capital not to exceed five hundred thousand dollars. Whether such additional or guarantee capital, or any part thereof, was ever subscribed or secured in the manner in said section provided, the evidence in this case does not disclose, but whether subscribed or not, such guarantee capital could in no event be liable for losses except when the cash premiums, instalment, and premium notes were insufficient to pay the same, in consequence of the following provision in

said section two : "Such guarantee capital shall be liable for losses and expenses of the said company whenever the cash premium, instalment, and premium notes are insufficient to pay the same."

On the thirty-first day of December, 1883, and before the first year of insurance under said policy had expired, for which the cash premium had been paid by respondent, and before the first instalment of said premium note had become due, Charles C. Currier, secretary of the American Insurance Company, attempted to transfer and deliver to the Home Insurance Company, a New York corporation, and appellant herein, all the instalment notes owned and held by the American Insurance Company, and taken for premiums on all risks existing under outstanding policies in force on said day.

By virtue of this attempted transfer and delivery, the instalment note sued on passed into the hands of the plaintiff corporation. The defendant declining to be transferred to the Home Insurance Company, and deeming the disposition by the American Insurance Company of its capital and business a total loss of indemnity against fire under the policy issued to him, declined to pay the instalments of premium called for by said note. Hence, this suit.

On the trial in the lower court judgment was rendered for the defendant, from which an appeal is prosecuted to this court, and we are asked to reverse the judgment for the following reasons : (1) The error of the trial court in refusing proper and legal instructions asked by plaintiff ; (2) giving improper and illegal instructions asked by defendant ; (3) the judgment is not supported by the evidence.

We will consider these questions in their inverse order. In disposing of the third point it is unnecessary to say that this court will not review the record to determine where the preponderance of evidence lies. *McHugh v. Meyer*, 61 Mo. 334 ; *Douglas v. Orr*, 58 Mo. 573. The appellate courts will not interfere with the discretion of the lower courts in this particular in the absence

of the appearance of an unjudicial discretion. *Fretwell v. Laffoon*, 77 Mo. 28; *Wight v. Railroad*, 20 Mo. App. 481.

Nor can the second point made and insisted upon by the appellant be considered by this court for the reason that, as the record plainly shows, the attention of the trial court was not called to the supposed error in appellant's motion for a new trial.

This brings us to the vital question whether the court committed error in refusing the following instruction asked by the appellant :

" The court declares the law to be that if the court, sitting as a jury, shall believe from the evidence in the cause that the American Insurance Company on January 1, 1884, transferred the note sued on to plaintiff by delivery, and that plaintiff, its officers, agents, and attorneys, have been in possession ever since, and that said American Insurance Company has had knowledge of plaintiff's effort to collect the same of the defendant, then and in that case the plaintiff had a right to institute and maintain this action for the collection of said note."

This instruction simply means that the plaintiff was entitled to recover if the evidence showed the note had been transferred by delivery from the American Insurance Company to the Home Insurance Company absolutely and for the purpose of passing title. There can be no question but that, under the provisions of the charter, *supra*, the premium notes of the American Insurance Company formed part of its capital stock, nor can there be any question that the capital stock of a corporation is a trust fund for the payment of its creditors. This has been uniformly held. *Bartlett v. Drew*, 57 N. Y. 587; *Hastings v. Drew*, 76 N. Y. 9; *Trust Company v. Miller*, 33 N. J. Eq. 163; *Chouteau, Harrison & Valle v. Dean*, 7 Mo. App. 210. The defendant in this case was both a debtor and creditor of the corporation, and, as to him, any attempted annulment of the trust fund without his consent was void.

Conceding, however, that the American Insurance Company had power to assign this trust fund as a consideration of reinsurance to some other company, the proposition is incontestable that it had no power so to do, if by the transfer the character of the fund, as a trust fund, was destroyed. This very clearly appears by the reasoning in the cases of *Stilwell v. Craig*, 58 Mo. 31; *Price v. Insurace Co.*, 2 Mo. App. 370.

As the contract for reinsurance is not before us (having been excluded by the trial court, and no exceptions saved to the ruling in the motion for new trial), for the purposes of this review, we cannot state whether—regardless of the question of power to transfer—the transfer in question was of a character to convey title for any purpose.

It is apparent from the testimony of the witness Currier, who it appears was the secretary of the American Insurance Company, that the assignment was not one for collection, but intended as an absolute transfer to pass title. This, under the charter of the American Insurance Company, and the evidence as preserved in the record, was unwarranted, and hence the court properly refused the instruction asked by the plaintiff.

Judgment affirmed. The other judges concur.