R. A. SYKES *et al.* v. THE CITIZENS' NATIONAL BANK OF DES MOINES, IOWA.

No. 13,586.   (76 Pac. 393.)

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Non negotiable—Payment to Payees after Assignment*. The makers of a non negotiable note shipped cattle to the payees with directions to sell them and apply the proceeds to its payment. Before this the payees had discounted and assigned the note to a bank, without notice to the makers. The payees, after selling the cattle and crediting the proceeds to the account of the makers, wrote a letter to them stating : " We applied the proceeds of your sale as directed, and will call in the note and obtain for you all the rebate possible on same." *Held*, that, the promise of the payees to call in the note having been made after the application of the money received from the sale of the cattle to the discharge of the indebtedness, it did not affect the validity of the payment of the note.

2. —————— *Payment before Maturity without Notice of Transfer*. Payment by the makers of the amount of a non-negotiable note before its maturity to the payees thereof, and its acceptance by the latter, without notice of a transfer of the paper, will discharge the makers from all claims of the transferee.

Sykes v. Bank.

Error from Wyandotte district court; E. L. Fischer, judge. Opinion filed April 9, 1904. Reversed.

STATEMENT.

This action was brought by the Citizens' National Bank to recover from R. A. Sykes & Son the amount of a promissory note, a copy of which reads:

"$3636.83.

"New Murdock, Kansas, Sept. 22, 1899.

"Two hundred seventy days after date, without grace, for value received, we promise to pay to Ladd, Penny & Swazey, or order, thirty-six hundred thirty-six and $\frac{83}{100}$ dollars, at the office of Ladd, Penny & Swazey, Live Stock Exchange, Kansas City, with interest after maturity at 8 per cent. per annum until paid.

"The makers and indorsers hereof hereby severally waive protest, demand, and notice of protest and non-payment, in case this note is not paid at maturity, and agree to all extensions and partial payments, before or after maturity, without prejudice to holder.

R. A. SYKES & SON.

"Due June 19, 1900. No. of 1012.

"P. O., New Murdock, Kan. 1543."

The note was indorsed as follows:

"Notice, demand and protest waived. Payment guaranteed.    Ladd, Penny & Swazey."

Defendants below, R. A. Sykes & Son, answered that on September 28, 1899, Ladd, Penny & Swazey, the payees of the note, indorsed and transferred it to the Citizens' National Bank, together with a chattel mortgage given by plaintiffs in error to secure its payment; that on March 28, 1899, the makers of the paper in good faith paid the amount thereof to Ladd, Penny & Swazey, who accepted the same and gave plaintiffs in error credit therefor; that the payment was made without notice to the makers that the

note had been transferred. A demurrer was interposed to this answer, on the ground that the facts alleged did not constitute a defense to plaintiff's cause of action and were insufficient in law as a defense.

After a hearing on the demurrer the court announced that it should be sustained, but no order to that effect was entered by reason of the death of R. A. Sykes, one of the defendants, which was suggested to the court. The action was then revived in the names of the executors of the deceased, and defendants below were given time to plead. They then filed an answer in two counts, or paragraphs. The first was a defense of payment to Ladd, Penny & Swazey, in substantially the same language set out in the original answer, the substance of which is stated above. The second count of the answer averred that Ladd, Penny & Swazey were agents of the bank for the collection of the note.

On the trial the court excluded evidence of payment offered by defendants below until a showing should have been made by them that Ladd, Penny & Swazey had authority from the bank to receive the amount of the note. The following question propounded by counsel for R. A. Sykes & Son to Mr. Ladd, and the objections and rulings thereon, indicate the position taken by the court below :

"Ques. You may state as a member of that firm (Ladd, Penny & Swazey) whether, on or about the 28th day of March, 1900, Mr. Sykes paid that note or not to the firm of Ladd, Penny & Swazey ?"

"Mr. McCue : To that I object, without some showing of the authority of Ladd, Penny & Swazey to receive it."

"The court : Sustained."

"Q. You may state, Mr. Ladd, whether, on or about the 28th day of March, 1900, R. A. Sykes &

Son shipped the cattle, with instructions to apply the proceeds to the payment of the note in suit?''

"Mr. McCue : That we object to until they show the agency or show that the proceeds were remitted to the plaintiff.''

Counsel for the bank admitted on the trial that R. A. Sykes & Son had paid the amount of the note to Ladd, Penny & Swazey.

The following letters were excluded by the court, upon objections from counsel for the bank, for the reasons stated in the objections to the testimony of the witness Ladd, above set out :

"R. A. SYKES & SON,
DEALERS IN LIVE STOCK, GRAIN, AND COAL.

"NEW MURDOCK, KAN., March 26, 1900.
*"Ladd, Penny & Swazey:* GENTS—We do not seem to be able to sell our cattle at 4.25 in Wichita at present. Will ship 4 cars to-morrow, Tuesday. We want to pay our note, $3300. The bal. please ex. to us. Will you kindly wire the sale.
Yours, etc.,  R. A. SYKES & SON.
"P. S.  Shall put up one more car of the steers you shipped in.''

"LADD, PENNY & SWAZEY,
LIVE-STOCK COMMISSION MERCHANTS.

"KANSAS CITY, Mo., March 28, 1900.
*"R. A. Sykes & Son, New Murdock, Kan.:* DEAR SIRS—Your letter received and we applied the proceeds of your sale as directed, and will call in the note and obtain for you all the rebate possible on the same.
Respectfully yours,
LADD, PENNY & SWAZEY.  (Stratton.)''

"R. A. SYKES & SON.
DEALERS IN LIVE STOCK, GRAIN, AND COAL.

"NEW MURDOCK, KAN., May 7, 1900.
*"Ladd, Penny & Swazey:* GENTS—We have not rec'd our $3636 note yet ; also the overpaid interest. Will you kindly give this matter your attention.
Yours, etc.,  R. A. SYKES & SON.''

A bookkeeper in the employ of Ladd, Penny & Swazey testified that the proceeds of the sale of cattle shipped to the latter by R. A. Sykes & Son was placed to the credit of either the Union Brokerage Company (to which company the note had been sold) or to R. A. Sykes & Son ; that the balance over the amount of the note had been sent to defendants below ; that a sufficient amount derived from the proceeds of the cattle sale had been credited either to R. A. Sykes & Son or the brokerage company to take care of the note.

The district court instructed the jury to return a verdict in favor of the bank and against R. A. Sykes & Son for the amount of the note and interest, which was done.    The latter complain.

*S. S. Ashbaugh*, for plaintiffs in error.

*J. D. McCue*, and *Stewart Taylor*, for defendant in error.

The opinion of the court was delivered by

SMITH, J. :  The note for the amount of which judgment was rendered was a non-negotiable instrument. (*Bank v. Gunter*, 67 Kan. 227, 72 Pac. 842.)  It is evident that the court below regarded the note as negotiable ; otherwise, the demurrer to the original answer alleging payment by the makers to the payees would have been overruled.  The testimony admitted showed payment by R. A. Sykes & Son to Ladd, Penny & Swazey before the maturity of the paper.  The payment was made by the shipment of cattle to the latter.  The makers of the paper had no notice of its transfer on March 28, 1900, when the proceeds of the cattle shipped by them to Ladd, Penny & Swazey were placed to their credit in satisfaction of the debt evidenced by the note.  That the note was not due

did not affect the sufficiency of the payment.   There was no objection on the part of the payees to receiving the amount prior to the maturity of the debt.

Considering the letters which passed between the parties as having been admitted in evidence, they show that on March 26, 1900, defendants below wrote to Ladd, Penny & Swazey, stating: "Will ship four cars to-morrow, Tuesday.   We want to pay our note, $3300.   The bal. please ex. to us."   In response to this, two days later, Ladd, Penny & Swazey wrote to R. A. Sykes & Son: "Your letter received and we applied the proceeds of your sale as directed, and will call in the note and obtain for you all the rebate possible on same."   The information contained in this letter assured the debtors that the proceeds of the cattle sale had been applied as they directed; that is, to the payment of the note.   The volunteered statement by the payees that they would call in the note and obtain all rebate possible came after the proceeds of the cattle sale had been appropriated by Ladd, Penny & Swazey to the payment of the indebtedness.   The payment was complete, and the debt discharged at the moment the payees sold the cattle and received from the proceeds a sufficient sum to pay the amount of the note.   When this was done the instructions contained in the letter of R. A. Sykes & Son of March 26 were followed.

The vital question is whether the makers of the note, at the time they paid the amount of it to the original payees, were without notice that the latter had by assignment parted with their ownership.   If the makers had such notice before payment, they are not protected; if they paid without notice, the debt is discharged.   That part of the letter of March 28 from Ladd, Penny & Swazey to R. A. Sykes & Son in which

they say that the proceeds of the sale of cattle were *applied as the letter directed* narrated a past transaction, and the remainder, which informed them that they would call in the note, was a promise to do something in the future which in no manner affected the application of the payment to the debt made before the letter was written. The letters should have been received in evidence and the case submitted to the jury.

The judgment of the court below will be reversed and a new trial granted.

All the Justices concurring.