R. A. SYKES *et al.*, *as Partners, etc., et al.*, v. THE CITI-
ZENS' NATIONAL BANK OF DES MOINES, IOWA.

No. 15,261.    (98 Pac. 206.)

SYLLABUS BY THE COURT.

1. PROMISSORY NOTES—*Negotiability—Conflict of Laws.* In the
absence of stipulations evincing a different intention, the ne-
gotiable quality of a promissory note made in Kansas and
payable in Missouri will be determined by the law of Mis-
souri.

2. EVIDENCE—*Common Law of Another State—Presumption.*
The common law of another state governing commercial
transactions in issue in the courts of this state is to be de-
termined as a fact, upon pleadings and proof; in the absence
of such proof it will be presumed that it is the same as our
own.

3. PROMISSORY NOTES—*Negotiability—Evidence.* The evidence
examined and found to be insufficient to support the finding of
the district court that the note in suit was, by the law of Mis-
souri, negotiable.

Error from Wyandotte district court; J. MCCABE
MOORE, judge. Opinion filed November 7, 1908. Re-
versed.

*S. S. Ashbaugh,* and *A. E. Helm,* for plaintiffs in
error.

*Stewart Taylor,* and *J. D. McCue,* for defendant in
error.

The opinion of the court was delivered by

BENSON, J.: A judgment for the bank in this action
was reversed on a former hearing in this court.
(*Sykes v. Bank,* 69 Kan. 134, 76 Pac. 393.)   On the
second trial, in addition to the facts stated in the former
opinion, the court found that the office of the payees,
where the note was made payable, was in Missouri, and
that by the law of that state the note is, and was, ne-
gotiable.   By reason of the recitals in the note making
the time of payment uncertain it was held to be non-

Sykes v. Bank.

negotiable by this court. The trial court, after an amendment of the petition, having found the additional facts above stated, again rendered judgment for the plaintiff. The defendants now ask for a reversal upon the grounds, first, that the former decision of this court that the note is non-negotiable is a final adjudication of that matter, and, second, that the finding of the district court relative to the law of Missouri is not sustained by the evidence.

This note was made in Kansas by residents of this state, and was payable, as the evidence now shows, in Missouri. It was indorsed by the payees, before maturity, to the Union Brokerage Company of Kansas, and was indorsed by that company, in Kansas, to the plaintiff, a national bank of Iowa. The makers had no knowledge or notice of these transfers, and paid the note before maturity to the payees, who had no authority from the holder to receive such payment. Upon these facts alone the judgment should be for the defendants, if we follow the former decision that the note was non-negotiable. It is claimed by the plaintiff, however, that the additional findings that the note was payable in Missouri and that it is a negotiable instrument warrant the judgment for the plaintiff.

The new issue presented upon an amendment allowed by the district court in its discretion had not before been adjudicated, and was properly tried. Therefore the first ground urged for reversal can not be sustained.

Subject to qualifications not necessary now to consider, the law of the place of performance of contracts governs in determining the liability of the contracting parties, and this principle applies to promissory notes. (1 Randolph, Com. Paper, 2d ed., § 31; 2 Parsons, Notes & Bills, 324; 1 Dan. Neg. Inst., 4th ed., § 879.)

"Matters bearing upon the execution, the interpretation and the validity of a contract are determined by the law of the place where the contract is made. Matters connected with its performance are regulated by

44—78 KAN.

the law prevailing at the place of performance. Matters respecting the remedy, such as the bringing of suits, admissibility of evidence, statutes of limitation, depend upon the law of the place where the suit is brought." (*Scudder v. Union National Bank*, 91 U. S. 406, 412, 23 L. Ed. 245.)

We conclude that the negotiable character of this note must be determined by the laws of Missouri, where it was made payable. The question as to how this law is to be determined has been elaborately argued. Two views have been taken, both well supported by precedents. The federal court and the courts of New York, Iowa, Maine and Georgia have held that, as the law to be applied is the general commercial law, or law merchant, it must be sought for, not in the decisions of local tribunals, but in the general doctrines of commercial jurisprudence; that, while following the decisions of the courts of final resort of the state where the note is payable in the construction of its statutes, the courts of the state where the case is tried will be governed by their own precedents in expounding the general common law applicable to commercial transactions. (*Oates v. National Bank*, 100 U. S. 239, 25 L. Ed. 580; *St. N. Bank v. S. N. Bank*, 128 N. Y. 26, 27 N. E. 849, 13 L. R. A. 241; *Roads v. Webb*, 91 Me. 406, 40 Atl. 128, 64 Am. St. Rep. 246; *Franklin v. Twogood*, 25 Iowa, 520, 96 Am. Dec. 73; *The National Bank of Michigan v. Green*, 33 Iowa, 140; *Pattillo v. Alexander*, 105 Ga. 482, 30 S. E. 644.)

Notwithstanding the weight of the foregoing decisions, and the strength of the argument in their support, the rule adopted in a large majority of the state courts and announced by text-writers is that, when it becomes necessary to determine the common law of another state, the decisions of the courts of final resort of that state will be followed, regardless of precedents to the contrary in the state where the trial is held, and that this rule applies to the law merchant as well as to other branches of the common law. This rule is

based upon the presumption that the parties have contracted with reference to the law of the place of payment, and that law is applied in accordance with the doctrine of comity. This rule has been approved in this court in its application to other subjects, but it does not appear to have been directly invoked with respect to commercial paper. (*St. L. & S. F. Rly. Co. v. Weaver,* 35 Kan. 412, 11 Pac. 408, 57 Am. Rep. 176; *Alexander v. Barker,* 64 Kan. 396, 67 Pac. 829; *Railroad Co. v. Johnson,* 74 Kan. 83, 86 Pac. 156.) The opinion in *Loan Co. v. Solomon,* 71 Kan. 185, 79 Pac. 1077, clearly stated the principle upon which contracts solvable by the laws of another state are enforced here.

Following the rule generally prevailing, we should now hold the note in question to be a negotiable instrument if the law of Missouri is as the district court found it to be. That finding, however, is challenged upon the ground that it is not supported by the evidence, and as the evidence consists of the statutes of Missouri and decisions of courts of that state, pleaded as facts, the sufficiency of the proof to sustain the finding is fairly presented for review here. (*Belknap v. Sleeth,* 77 Kan. 164, 93 Pac. 580.) The statute pleaded and read in evidence is as follows:

"Every promissory note for the payment of money to the payee therein named, or order or bearer, and expressed to be for value received, shall be due and payable as therein expressed, and shall have the effect and be negotiable in like manner as inland bills of exchange." (Rev. Stat. of Mo. 1899, § 457.)

The decision of the supreme court of Missouri, a part of which was set out in the petition and all of which was read in evidence, is the opinion in *Stillwell v. Craig et al.,* 58 Mo. 24. The action was upon a promissory note payable "in instalments not to exceed ten per cent. on each share [of the stock for which it was given], at thirty days notice of call from the board of directors." (Page 28.) The opinion said:

"Our statutory requisites for negotiable paper are fully met in this instrument. . . . But the defend-

ants insist that it lacks in two particulars, the certainty essential to make it a promissory note, viz.: As to amount, and as to time of payment. . . . As to time of payment, the law is less exacting. . . . Contingencies in this particular must be exceedingly remote, in order to vitiate the paper for negotiable capacity. In *Washington County Mut. Ins. Co. v. Miller,* 26 Vt. 77, a note for twenty-one dollars, payable 'in such portions and at such time or times as the said company may, agreeably to their act of incorporation, require,' was held to be a promissory note for the sum specified, so as to determine a question of jurisdiction; but a doubt was expressed whether it would be such in a commercial sense. The doubt, however, as it seems to me, is not justified by the reasoning of the opinion, or by the authorities which it cites.

"In *President, Directors, &c. v. Hurtin,* 9 Johns. 217, 6 Am. Dec. 273, a similar instrument was held to be a good promissory note, as being 'payable in money, and payable absolutely, and not depending on any contingency.' In the element of certainty as to time of payment, I can perceive no difference in principle between such a note and one payable on demand. Hence, if the note under consideration be transferable at all, I have no hesitation in saying that it is negotiable, at least to the extent of authorizing a suit jointly against makers and indorser." (Pages 30, 31.)

The clause in the note in question here, upon which it was held by this court in the former decision to be non-negotiable, was this:

"The makers and indorsers hereof hereby severally waive protest, demand, and notice of protest and nonpayment, in case this note is not paid at maturity, and agree to all extensions and partial payments, before or after maturity, without prejudice to holder." (*Sykes v. Bank,* 69 Kan. 134, 76 Pac. 393.)

In the opinion in *Bank v. Gunter,* 67 Kan. 227, 72 Pac. 842, the precedent followed in the former decision of this case, it was said:

"In the note in question payment is first fixed at 182 days after the date, but, as will be observed, a later provision makes the time indefinite by stipulating that it may be changed and extended either before or after

maturity. If the time is to remain fixed until maturity, when another time is to be fixed by the parties, or if payment is made to depend upon events which necessarily must occur and the time of payment is ultimately certain, other considerations would arise; but here payment is not ultimately certain, for the time named in the paper is subject to change at any time at the volition of some of the parties to the paper." (Page 231.)

In *Stillwell v. Craig et al.*, 58 Mo. 24, the note was payable in instalments, which would not affect its negotiability (1 Dan. Neg. Inst., 4th ed., § 48), and these instalments were to be paid in thirty days after a call by the board of directors of the payee; that is, in thirty days after demand. As was said of a like provision: "It was, in effect, payable on demand, or in instalments on demand." (*White v. Smith*, 77 Ill. 351, 353, 20 Am. Rep. 251.)

The language of the supreme court of Missouri quoted above—"I can perceive no difference in principle between such a note and one payable on demand" —is significant, showing the interpretation placed upon the language of that instrument, holding it to be in effect a demand note. The language of the note in this case will not bear that interpretation, and the opinion in *Stillwell v. Craig et al.*, 58 Mo. 24, does not, in our view, sustain the finding of fact in this case with respect to the law of Missouri. It is true that it may indicate a trend in that direction, but this is not sufficient to prove the fact pleaded. The same court in a recent case, in considering the effect of a decision of a sister state when offered in evidence to prove the common law of that state, said:

"A close analysis of the Arkansas cases cited leads us to conclude that the supreme court of Arkansas never went so far as appellant contends. The very most that can be said was that that learned court was 'heading' in that direction. But as seen by our own decisions, and pointed out in *Grattis v. Railroad*, 153 Mo. 380, 55 S. W. 108, 48 L. R. A. 399, 77 Am. St.

Rep. 721, courts do not always go on the way they are headed, and it is not always safe to say that a court will reach a goal to which its face is turned and its steps directed. Indeed, we may allow to the supreme court of Arkansas the same right and disposition to establish a growth in the law or reconstruct its views that we arrogate to ourselves." (*Root v. K. C. S. Ry. Co.*, 195 Mo. 348, 372, 92 S. W. 621, 6 L. R. A., n. s., 212.)

The decision of the Kansas City court of appeals in *City National Bank v. Goodloe-McClelland Com. Co.*, 93 Mo. App. 123, fully sustains the finding, but that is an intermediate court, and its decisions do not settle the law of that state. Its jurisdiction is limited, both in territory and amount in controversy, and its decisions involving an amount in excess of $2500 are subject to review in the supreme court. We have the highest respect for that tribunal; the great learning and ability of its judges is unquestioned; but we can not admit its opinions to determine that the common law of that state, as a fact, is different from what we have declared the common law to be here.

"The decision of the Kansas City court of appeals in *City of Goodland v. Bank*, 74 Mo. App. 365, is alone cited in support of this contention. A fixed and settled rule of decision in a state court of last resort establishes the law of the state in such manner as to bind the federal courts in all matters controlled by the state law; but the opinions of intermediate appellate courts, like the Kansas City court of appeals, while entitled to great respect and regarded as persuasive authority, are not controlling upon the federal courts, because they do not settle the law of the state." (*Anglo-American Land, M. & A. Co. v. Lombard*, 132 Fed. 721, 741, 68 C. C. A. 89.)

(See, also, *Hennessy v. Bavarian Brewing Company*, 145 Mo. 104, 46 S. W. 966, 41 L. R. A. 385, 68 Am. St. Rep. 554.)

Other Missouri decisions read in evidence related to the effect of the mortgage security, and do not govern this question.

The statute quoted above (Rev. Stat. of Mo., 1899, § 457) is probably only declaratory of the common law (*The First Nat. Bank of St. Charles v. Payne*, 111 Mo. 291, 20 S. W. 41, 33 Am. St. Rep. 520), and does not materially differ from our own.

Upon a careful examination of the evidence offered upon the subject we conclude that the finding that the note sued upon was, and is, negotiable is not supported by the proof. In the absence of such proof it will be presumed that the law of Missouri is the same as our own.

The judgment is reversed, and the cause remanded for further proceedings.