## WAYNE COUNTY NATIONAL BANK *v.* COOK.

[No. 10,432. Filed June 16, 1920.]

BILLS AND NOTES.—*Time of Payment.—Indefinite Extension Clause.—Negotiability.—*A promissory note that contains a clause making possible the indefinite extension of the time of payment, is not negotiable under the Negotiable Instruments Act, which in this particular is the same as the law previously declared by the courts.

From Kosciusko Circuit Court; *Francis E. Bowser,* Judge.

Action by the Wayne County National Bank against Charles Cook. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*William D. Frazer* and *James R. Frazer,* for appellant.

*L. W. Royse* and *H. W. Graham,* for appellee.

NICHOLS, J.—Action upon the following promissory note:

"No.————Due Sept. 1, 1916.

"September 1, 1916, after date, for value received, we jointly and severally promise to pay to the order of Bell Brothers $750.00 (Seven Hundred and Fifty Dollars), with six per cent interest per annum from date, to be paid semiannually. And we consent and agree that after this obligation shall have become due, the time of payment thereof may be extended

from time to time, by any one or more of us, with
out even the knowledge or consent of the other or
others of us, and in case of such extension, and
notwithstanding the same, we shall and will remain
and continue liable thereon, as if no such extension
had been so made. And we hereby authorize and
empower any Attorney-at-Law, at any time after
the above sum becomes due, with or without
process, to appear for us, or either of us, in any
court of record in the State of Ohio, or elsewhere,
and confess judgment for said amount, interests
and costs, against us, or either of us, in favor of
the holder hereof, and release all errors, and rights
of appeal, judgment for said amount, interests and
costs against us, or either of us, in favor of the
holder hereof, and release all errors, and rights
of appeal.

"Witness our hands and seals this 26th day of
February, 1915.

Chas. Cook, (L. S.)
Payable at the State Bank, Warsaw, Indiana."

Indorsement:
"For value received I assign this note and guaran-
tee payment and waiver protest.

Bell Brothers."

The complaint avers that, prior to the date of matu-
rity, said note was purchased by appellant from the
payees and transferred and delivered by written in-
dorsement thereon. Appellees answered in four para-
graphs—general denial, failure of consideration, breach
of warranty, and fraud. There was no averment that
appellants had knowledge of any of the defenses. There
was a demurrer to each of these paragraphs of answer,
which was overruled, a trial by jury and verdict for
appellee, with answers to interrogatories.

The substantial question presented by the court's rul-
ing on the demurrer, the jury's answers to interroga-
tories, and the motion for a new trial is whether the
note sued upon is a negotiable promissory note.

It will be observed that the appellee by the terms of
the note consents and agrees that, after the obligation

shall have become due, "the time of payment thereof may be extended from time to time by any one or more of us without even the knowledge or consent of the other or others of us." It is claimed by appellee that this provision renders the note nonnegotiable. Appellee says that the note is not negotiable as an inland bill of exchange, because of the uncertainty of the time of payment. Upon these propositions he is sustained by the following authorities. *Glidden* v. *Henry* (1885), 104 Ind. 278, 1 N. E. 369, 54 Am. Rep. 316; *Mitchell* v. *St. Mary* (1897), 148 Ind. 111, 47 N. E. 224; *Rosenthal* v. *Rambo* (1905), 165 Ind. 584, 76 N. E. 404, 3 L. R. A. (N. S.) 678; *Oyler* v. *McMurray* (1893), 7 Ind. App. 645, 34 N. E. 1004; *Merchants, etc., Bank* v. *Fraze* (1893), 9 Ind. App. 161, 36 N. E. 378, 53 Am. St. 341; *Rosenthal* v. *Rambo* (1902), 28 Ind. App. 265, 62 N. E. 637; *Matchett* v. *Anderson, etc., Works* (1902), 29 Ind. App. 207, 64 N. E. 229, 94 Am. St. 272; *Evans* v. *Odem* (1902), 30 Ind. App. 207, 65 N. E. 755; *Citizens Nat. Bank* v. *Piollet* (1889), 126 Pa. 194, 17 Atl. 603, 12 Am. St. 860, 4 L. R. A. 190; *City Nat. Bank* v. *Gunter Bros.* (1903), 67 Kan. 227, 72 Pac. 842; *Sykes* v. *Citizens' Nat. Bank* (1904), 69 Kan. 134, 76 Pac. 393; id. (1908), 78 Kan. 688, 98 Pac. 206, 19 L. R. A. (N. S.) 665; *Rossville State Bank* v. *Heslet* (1911), 84 Kan. 315, 113 Pac. 1052, 33 L. R. A. (N. S.) 738; *Quinn* v. *Bane* (1918), 182 Iowa 843, 164 N. W. 788; *Manhard* v. *First Nat. Bank, etc.* (1917), (Iowa) 165 N. W. 185.

In the case of *Glidden* v. *Henry, supra,* the rule is stated as follows: "In the case before us, all parts of the note must be looked to in determining the quality of the paper. There is a promise to pay in twelve months, but that promise is not certain and unconditional. The other clause is that the time of payment may be extended indefinitely, as the parties may agree. From an inspection of the note, it is impossible to tell

when it may mature, because it is impossible to know what extension may have been, or may hereafter be, agreed upon."

It will be noted that the Indiana authorities cited above all antedate the Negotiable Instruments Act of 1913, Acts 1913 p. 120, §§9089a *et seq.* Burns 1914.

Section 9089a *supra,* provides: "That any instrument to be negotiable must conform to the following requirements: * * * (3) Must be payable on demand, or at a fixed or determinable future time."

Section 9089b7, provides that: "A negotiable promissory note within the meaning of this act is an unconditional promise in writing made by one person to another signed by the maker engaging to pay on demand, or at a fixed or determinable future time, a sum certain in money to order or to bearer."

It is clear that no change is wrought in the law by the Negotiable Instruments Act. Before the passage of that act it was the law that: "A note in order that it be negotiable in accordance with the law merchant must be payable unconditionally and at all events at some fixed period of time, or upon an event which must inevitably happen. *Walker* v. *Woollen* (1876), 54 Ind. 164, 23 Am. Rep. 639. Under the Negotiable Instruments Act a note "must be payable on demand or at a fixed or determinable time." With respect to this question, the law by the statute was the same as it had been theretofore declared by the courts. It is true that the courts of some other states have declared the law otherwise, but the weight of authority is in harmony with the Indiana rule.

There was no error in overruling the demurrer to the second, third and fourth paragraphs of answer, nor in overruling appellant's motion for judgment on answers to interrogatories, nor in overruling appellant's motion for a new trial. The judgment is affirmed.