O. P. ERGENBRIGHT V. J. S. HENDERSON *et al.*

No. 14,265.   (82 Pac. 524.)

SYLLABUS BY THE COURT.

1. ESTOPPEL IN PAIS—*Necessary Allegations in Pleading.* A party pleading an estoppel *in pais* must show: (1) That the opposing party has made some representation inconsistent with his present position, with the intent to mislead the pleader; (2) that the representation so made was known by the maker to be false; (3) that the pleader did not know that the representation was false; (4) that he believed it to be true, and acted upon such belief.

2. PRACTICE, SUPREME COURT—*Defective Pleading—Evidence—General Verdict.* Where several defenses were pleaded in the same answer, one of which was so defective that it was error to admit evidence in support thereof, but, nevertheless, the court, over the objection of the plaintiff, erroneously permitted testimony to be introduced tending to support such defense, and a general verdict was returned and a general judgment rendered thereon for the defendant, it cannot be said that such error was not prejudicial.

Error from Montgomery district court; THOMAS J. FLANNELLY, judge. Opinion filed October 7, 1905. Reversed.

*J. B. Tomlinson,* for plaintiff in error.

*F. J. Fritch,* and *John Bertenshaw,* for defendants in error.

The opinion of the court was delivered by

GREENE, J.: This was a suit brought in the district court of Montgomery county for partition, and to recover the rents and profits of certain real estate, the plaintiff claiming to be the owner of an undivided fifteen thirty-seconds interest in the lands described, and alleging that defendants Henderson and Henderson were in possession and wrongfully and unlawfully kept the plaintiff out of possession, and denied to him any right in, or title to, the same.

It appears that the title to the land was held jointly

by John E. Greer and Margaret M. Greer, husband and wife, at the time of the death of John E. Greer, intestate, January 17, 1896; that David P. Greer and Abraham L. Greer, the sons of John and Margaret, were appointed administrators of John's estate; that in the administration thereof they filed a petition in the probate court asking for an order to sell the real estate in question as the property of John E. Greer, and that the proceeds might be applied in payment of the debts of the deceased. The order was regularly made, and the interest of John E. Greer sold to one A. E. Stich, to whom a deed was made, and the sale was approved and the deed confirmed by the probate court. Afterward, A. E. Stich conveyed the land by a general warranty deed to defendant J. S. Henderson. Soon after the death of John E. Greer, Margaret M. Greer died, leaving a will by which she bequeathed and devised all of her property to her children equally. The will was regularly probated and her estate settled.

After both estates had been settled all of the heirs of John E. and Margaret M. Greer, except Lewis E. Garr and Alta P. Garr, who were the minor children of a deceased daughter, conveyed by quitclaim whatever interest they took under the will and as heirs of Margaret M. Greer to the plaintiff in this suit. The minors were joined as defendants herein, summons was served personally on each of them, and the court appointed T. J. Stanford, Esq., a member of the bar of Montgomery county, as guardian *ad litem* for the minors, who filed a general denial as their answer.

The defendants Henderson and Henderson filed their answer, which contained four different counts. The first was a general denial. The second admitted that at the death of both John E. and Margaret M. Greer the title to the land was held jointly by them, but pleaded an oral agreement between the Greers and their grantor, A. E. Stich, by which the title held by Margaret M. Greer was held in trust only for John

E. Greer. This count also contained allegations tending to plead an estoppel on the part of the heirs of John E. and Margaret M. Greer from claiming an interest in the real estate, either as heirs of Margaret M. Greer or under the will. The third count pleaded the five-year statute of limitation. The fourth count set out the contract between Ergenbright and the heirs of John E. and Margaret M. Greer, by which he obtained the title under which he now claims, and contended that it was champertous. The plaintiff filed proper replies to each of these alleged defenses. At the trial, when the defendants undertook to offer evidence tending to prove an estoppel *in pais,* the plaintiff objected for the reason that the answer in this respect was not sufficient to permit the introduction of any testimony. This objection was overruled, and evidence was introduced tending to prove such estoppel. After all the testimony had been introduced the court instructed the jury to return a general verdict for the defendants, upon which a general judgment was rendered. The plaintiff prosecutes error.

A motion to dismiss is interposed by defendants Henderson and Henderson on the ground that the two minors, Lewis E. Garr and Alta P. Garr, were not made parties to the suit in the district court. This upon the theory that no showing appears in the record that these defendants were minors, and therefore no authority is shown for the appointment of a guardian *ad litem.* To this contention we do not agree. This court will presume, in the absence of anything in the record to the contrary, that the court below was informed as to the facts, and acted upon such information in appointing a guardian for these defendants. Possibly the children were present and the judge saw them, or he may have known them personally. The motion is therefore denied.

The first error complained of by the plaintiff is the overruling of his objection to the introduction of testimony under the defendants' plea of an estoppel. We

think the contention of the plaintiff in error must be sustained. Instead of restating the allegations of the answer that were relied on by the defendants as an estoppel *in pais,* we prefer to call attention to some of the facts necessary to be incorporated in such a plea that are not contained in the answer. In pleading an estoppel *in pais* it is incumbent upon the pleader to state the facts on which he relies with precision and exactness. He must show: (1) That the representations were made with the intent to mislead him; (2) that the representations were false; (3) that they were known by the maker to be false; (4) that the pleader did not know of their falsity; (5) that he believed such false representations to be true; (6) that he did in fact act thereon. (Big. Estop., 5th ed., 709; 8 Encyc. Pl & Pr. 11; *Page & Co. v. Smith,* 13 Ore. 410, 10 Pac. 833; *Stephens v. Dennett,* 51 N. H. 324, 333; *Davis v. Davis,* 26 Cal. 23, 85 Am. Dec. 157; *Buck v. Milford,* 90 Ind. 291; *Meyendorf et al. v. Frohner et al.,* 3 Mont. 282; *Lumber Co. v. Hardware Co.,* 53 Ark. 196, 13 S. W. 731.) These facts are all absent from the answer, except that it states that the defendant in good faith relied on the statements set out by way of estoppel.

It is always error for a court to admit evidence, over objection, under a fatally defective statement of facts in a pleading. It may sometimes become a question whether such error is prejudicial; for instance, if several defenses are submitted in one answer, one of which is so defectively pleaded as to preclude the introduction of evidence in support of it, but, nevertheless, the court overrules an objection made thereto and admits such evidence, and the court or the jury make special findings from which it may be said that the verdict or judgment was based entirely upon one or more of the other defenses, it might be said that the error in the admission of the evidence in support of the defectively pleaded defense was not prejudicial. In the present case, however, both the verdict and the

judgment are general. There is no way of determining that both were not founded upon the insufficiently pleaded defense, or, if not, that the evidence admitted thereunder did not largely influence the court in its determination of the rights of the parties. Under such circumstances it cannot be said that the error was not prejudicial.

The judgment is therefore reversed, and the cause remanded for further proceedings.

All the Justices concurring.

OPINION DENYING A PETITION FOR A REHEARING.

(82 Pac. 525.)

The opinion of the court was delivered by

GREENE, J.: On the original hearing the defendants in error challenged the jurisdiction of this court on the ground that it had not acquired jurisdiction of two of the defendants in the court below, Lewis E. Garr and Alta P. Garr, minors, who appeared in the district court by a guardian *ad litem*. The contention is that the only service made on these parties in the court below was by delivering a copy of the summons to one personally, and by leaving a copy of the summons at the usual place of residence of the other; that such service will not give a court jurisdiction of minors or authorize it to appoint a guardian *ad litem* unless it is shown to the court that they were over fourteen years of age; and that no such showing appears in the record. The writer of the opinion misconceived the point contended for, but understood the contention to be that there was no showing in the record that these defendants were minors, and, therefore, the appointment of a guardian was unauthorized. To the point thought to have been made it was said in the opinion that "this court will presume, in the absence of anything in the record to the contrary, that the court below was informed as to the facts, and acted upon such

information in appointing a guardian for these defendants. Possibly the children were present and the judge saw them, or he may have known them personally."

In the application for a rehearing counsel have called our attention to this mistake, as well as to their real contention. The same rule will apply to the present contention. The court must be presumed to have acted upon sufficient information in appointing the guardian *ad litem,* and he may have acted on his personal knowledge.

The parties raising this question did not represent these minors in the court below, and do not represent them here. They did not raise this question in the lower court, and raise it here only to challenge the jurisdiction of this court. They contend too much. They say the court below had no jurisdiction to appoint a guardian for these parties. If that be true, the judgment of the lower court did not determine any of their rights, and no judgment rendered here could have the effect to bar any rights they may have in the real estate in controversy. But we must presume that the court below acted with authority and that the guardian was appointed upon proper information that the minors were over fourteen years of age.

There is another contention in the motion to dismiss. One Pearl E. Swalley was made a defendant in the court below. She acknowledged service of the summons but did not appear in the suit or set up any interest in the real estate. She was not made a party here, and for this reason it is urged that this court cannot determine the issues between the parties before it, in her absence, because such determination might affect her substantial rights. This contention is answered by section 5020 of the General Statutes of 1901, which reads:

"It shall not be necessary for the party desiring to have any judgment or order of the district court, or other court of record, other than the probate court, or a judge thereof, reviewed by the supreme court, to

serve the case, made for such court, on any party to the action who did not appear at the trial and take part in the proceedings from which the appeal is taken, or who shall have filed a disclaimer in the district court; nor shall it be necessary to make any such person a party to the petition in error; provided, that any person so omitted from the proceedings in error, who was a party to the action in the district court, may be made a party plaintiff or defendant in the action in the supreme court upon such terms as the court may direct, upon its appearing that he might be affected by the reversal of the judgment or order from which the appeal was taken, with the right to be heard therein the same as other parties."

The petition for a rehearing is denied.