R. F. MURCHISON, *Appellant,* v. F. G. NIES et al., Partners, etc., *Appellees.*

No. 17,560.

SYLLABUS BY THE COURT.

1. PROMISSORY NOTE—*Fraud—No Consideration.* Upon an examination of the testimony, it is held to be sufficient to support a general finding that the execution of the note in suit was procured by fraud in which the holder participated, and also that it was without consideration.

2. ———— *When Fraud and No Consideration Are Available as Defenses.* An agreement by the makers of the note for its transfer from the payee to another, and recognizing its validity, does not preclude the defense that its execution was fraudulently procured and that it was without consideration, where the makers were not aware of the fraud nor of the want of consideration when the agreement was made, and where the indorsee and holder was acquainted with these facts.

3. ———— *Same.* The rule that an equity arising in favor of the maker and against the payee of a promissory note after the transfer of the note can not be interposed as against an action thereon by the indorsee is not applicable here, as the infirmities in the note, of which the indorsee had notice, existed when it was transferred to him.

Appeal from Sedgwick district court. Opinion filed May 11, 1912. Affirmed.

*E. L. Foulke,* and *C. A. Matson,* for the appellant.

*John W. Adams,* and *George W. Adams,* for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by the appellant, R. F. Murchison, against the appellees, F. G. Nies and Arthur Nies, upon a promissory note for $2100 executed by appellees to the Medical Chemical Company, which was another name for W. M. Doty.

The note was transferred by Doty to appellant after it became due, and in his petition appellant alleged in substance that appellees agreed with Doty that the note should be transferred to appellant without recourse upon consideration that other notes which they had given to Doty, on the purchase of Protection Stock Powder which had been sold to them as a cure for hog cholera, should be canceled and surrendered. It was further agreed that these notes should be released from a garnishment process placed on them in an action by appellant against Doty, and that certain other business matters arising from the sale of the stock powders should be settled. The answer of the appellees was that the note was fraudulently obtained from them without consideration; that appellant and Doty coöperated in the fraud by which it was procured by inducing them to come to appellant's place of business in Wichita where a party, who was represented to be Frank Sayers, the owner of a large tract of land in Oklahoma, went through the form of purchasing a considerable quantity of the stock powder after making a property statement and giving his note for $2400 to the medical company for which appellant and Doty claimed to be agents. It was then averred that these agents then induced appellees to take the $2400 note of Sayers and give in its place the note in suit, representing that Sayers was a real party and that he was responsible, that the note was good, and by which they were induced to sign and deliver the note on which this action was brought. In fact, however, it is alleged there was no such person as Sayers, that no purchase of stock pow-

der was made by him, that the note was fraudulent and worthless, that appellant and Doty entered into and carried out this fraudulent scheme and staged the play of the Sayers purchase and execution of a note in order to deceive and defraud appellees and obtain the note in question.

In the answer it was also alleged that the original notes surrendered under the agreement with Doty were given by them for stock powder which was represented to be a sure cure for hog cholera and the use of which would make hogs immune from that disease, but that the representations were false and known to be false and fraudulent when made, that the hog cholera remedy purchased was of no value whatever, and that appellant knew the fraud when he obtained the note in suit, and that he aided and abetted Doty in the fraudulent transactions and in the deceptions by which the note in question was secured. A trial resulted in a verdict and judgment in favor of appellees.

Appellant insists that he was entitled to judgment on the pleadings and that his demurrer to the evidence of appellees, who had the affirmative of the issues, should have been sustained. There is nothing substantial in the claim that appellant was entitled to the opening and closing of the case, as the averment of partnership, which was denied under oath, was expressly admitted by appellees before the trial begun. Appellant contends that, as the execution of the note and of the contract of settlement were admitted, no defense was available to appellees. Also, that, granting that there was no consideration for the note, the agreement, by which all differences were settled between Doty and appellees and stipulating for the transfer of the note to appellant, waived any defense which appellees originally had against the note. That the note was signed by appellees was not controverted, but a sufficient defense was set up when it was alleged that there was no consideration for it, and, besides, there were allegations and testi-

mony to the effect that it was fraudulently obtained and that appellant participated in the fraud. The contract of settlement, on which appellant relies and which he contends induced him to take the note, does not operate as a waiver of defenses then existing where it is alleged and shown that appellees were ignorant of the fraud and where the execution of the contract itself was induced by misrepresentations and fraud by Doty and appellant. There were allegations and evidence to the effect that appellant was connected with the transactions between Doty and appellees from the beginning. It is argued, too, that equities arising after the transfer of the overdue note by Doty to appellant could not affect appellant's right to recover, but this rule is not applicable here. The infirmities existed when the note was transferred. Appellant not only had notice of them but the proof tends to show that he was an active agent in accomplishing the execution of the note and of the agreement under which the note was transferred. If appellant had innocently taken the paper on the recommendation of appellees, when they had notice of the fraud, or if, with knowledge of the fraud, they had agreed to a transfer of the note and its payment to an innocent third person, there would be ground for urging that appellees had waived the defense of fraud. According to the evidence, however, appellant is not in the attitude of an innocent third person but appears to have been connected with the transactions found to be fraudulent from their inception. Besides, in view of the evidence and verdict, it can not be said that appellees had knowledge of the fraud or of the want of consideration for the note when the agreement was made.

There is nothing substantial in the objections to the rulings on the admission of evidence. A wide scope of inquiry is permissible on issues such as were joined in this case. Criticisms are made of the rulings of the court in charging the jury. An examination of the in-

structions shows that the case was fairly presented to the jury and we find no material error in giving instructions or in the refusal of those requested. The special interrogatories submitted and answered only covered a part of the issues involved and some of them are of little materiality. Nothing in the answers returned conflicted with the general verdict or furnished grounds for a new trial.

The judgment is affirmed.