No. 24,184.

THE CENTRAL NATIONAL BANK OF ATTICA, INDIANA, *Appellant*, v. MAX ENGLER AND BESSIE ENGLER, *Appellees*.

SYLLABUS BY THE COURT.

1. PROMISORY NOTE—*Plaintiff Not the Owner and Holder of Note*. There was evidence which tended to show that the plaintiff was not the owner and holder of the note sued on in this action at the time it was commenced.

2. SAME—*Promisory Note—Note Sued Upon Nonnegotiable*. The following language, "The drawers and endorsers consent that time of payment may be extended without notice thereof," contained in a promisory note, renders it nonnegotiable and subject to all defenses.

Appeal from Finney district court; CHARLES E. VANCE, judge. Opinion filed February 10, 1923. Affirmed.

*H. O. Trinkle*, of Garden City, for the appellant.
*Fred J. Evans*, of Garden City, for the appellees.

The opinion of the court was delivered by

MARSHALL, J.: The plaintiff sued on a promissory note given by the defendants to J. Crouch & Son for a stallion purchased from them to be used for breeding purposes. The defendants pleaded that the consideration for the note had failed; that the plaintiff had knowledge of that fact; that the plaintiff had not

Bank v. Engler.

purchased the note prior to its maturity for a valuable considera-
tion; and that the plaintiff was holding the note and suing on it
for the accomodation of J. Crouch & Son.   The note contained
the following condition: "The drawers and endorsers consent that
time of payment may be extended without notice thereof."

Judgment was rendered in favor of the defendants, and the
plaintiff appeals.

1. The plaintiff in its brief says, "The first proposition we wish
to discuss is, whether the appellant is a *bona fide* purchaser of the
note in due course."   There was evidence which tended to prove
that the plaintiff acquired the note in good faith for value before
maturity without notice of any infirmity in it, but there was also
evidence which tended to prove that the plaintiff was not the holder
of the note and that J. Crouch & Son were the owners and holders
thereof.   The cashier of the bank in Garden City, to which the note
was sent for collection, testified that the note was sent to the bank
by J. Crouch & Son about the time it matured and that the bank
kept the note until after its maturity.   One of the defendants testi-
fied that he had received correspondence from J. Crouch & Son con-
cerning the payment of the note about the time it was due.   On the
evidence, the case was submitted to the jury, and a general verdict
was returned in favor of the defendant.   It is presumed that the
jury was correctly instructed.   Under these circumstances, there is
nothing to do but uphold the verdict and judgment on the ground
that the plaintiff was not the owner and holder of the note.

2. Another contention of the plaintiff is that even if the answer
of the defendants was supported by evidence, the note was not
open to the defense of failure of consideration because there was
no fraud pleaded.   This contention is not good.   The note was
not negotiable.   In *Bank v. Heslet,* 84 Kan. 315, 113 Pac. 1052,
this court held nonnegotiable a note which contained the follow-
ing condition:

"The makers and indorsers of this note hereby severally waive present-
ment for payment, notice of payment, protest and notice of protest, and all
exemption that may be allowed by law, and valuation and appraisement
laws waived, and each signer and indorser makes the other an agent to
extend the time of this note." (p. 315.)

(See, also, *Bank v. Gunter,* 67 Kan. 227, 72 Pac. 842; *Delaney
v. Implement Co.,* 79 Kan. 126, 131, 98 Pac. 781; *Sykes v. Bank,* 78
Kan. 688, 98 Pac. 206.)

In *Bank v. Dickinson,* 102 Kan. 564, 171 Pac. 636, this court said:

"A note signed by five joint makers contained this language: 'We, the makers, sureties, endorsers and guarantors of this note, hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest and consent that time of payment may be extended without notice thereof to any of the sureties of this note.' *Held,* That such note is negotiable." (Syl. ¶ 2.)

In that case, there were no sureties on the note and that fact entered largely into the decision. The stipulation in the present note that time of payment may be extended without notice, made the time of payment indefinite. It was not payable at a "fixed or determinable future time," as required by statute. (Gen. Stat. 1915, § 6528.)

The defendants are relying on a warranty given by J. Crouch & Son. There was evidence which tended to prove that when the stallion was purchased, the representative of J. Crouch & Son stated to the defendants that the stallion was a "sure foal." There was evidence which tended to show that the horse was not a "sure foal" getter and that he was unfit for breeding purposes. The note being nonnegotiable, that evidence warranted the court in submitting to the jury the question of warranty, and in instructing the jury that, if a warranty were found, a verdict should be returned in favor of the defendants.

No error appears, and the judgment is affirmed.