No. 24,722.

W. F. Mann, *Appellant,* v. W. N. Woelk, Jr., and Cleatie B.
Woelk, *Defendants,* Clyde Bunyan, *Appellee.*

SYLLABUS BY THE COURT.

Assumption of Mortgage—*Vendor Devested of Title by Foreclosure Pro-
ceedings—New Contract Entered Into—No. Assumption of Mortgage Under
Second Contract.* A vendor contracted to convey merchantable title by
warranty deed. The vendee agreed to assume a mortgage on the land.. Be-
fore the contract was consummated the vendor was devested of title by
sale under foreclosure proceedings. The vendee then negotiated a new con-
tract, whereby he took title from the purchaser at foreclosure sale. *Held,*
the vendee is not liable to the mortgagee on the assumption contained in
the first contract.

Appeal from Pratt district court; George L. Hay, judge. Opinion filed Oc-
tober 6, 1923. Affirmed.

*Walter L. Bullock,* of Dodge City, for the appellant.

*C. E. Branine,* and *H. R. Branine,* both of Hutchinson, for the appellee.

The opinion of the court was delivered by

Burch, J.: The action was one by a real-estate mortgagee to re-
cover on a purchaser's agreement to assume the mortgage. The
plaintiff's demurrer to the answer was overruled. He stood on the
demurrer, judgment was rendered against him, and he appeals.

The answer, supplemented by a stipulation of the parties, dis-
closed these facts. Woelk agreed to convey by warranty deed to
Bunyan. Bunyan agreed he would assume mortgages on the land
and agreed to give other considerations. Woelk agreed to deposit
the deed in a bank and to furnish an abstract showing merchantable
title. When Bunyan approved the title, the bank was to deliver the
deed, and the sale, which involved a number of details, was to be
completed within a reasonable time. Before the contract of sale
could be carried out, Woelk was devested of title by sheriff's deed
issued pursuant to foreclosure of a mortgage superior to that of the
plaintiff. Because Woelk could not make title, new negotiations
were instituted, and a new contract was made whereby Bunyan
took title from the sheriff's deed holder. In this contract Bunyan
assumed a part only of Woelk's indebtedness to the plaintiff.

The plaintiff says that after a third person has accepted and acted

on a contract for his benefit, it may not be rescinded or changed without his consent. There is nothing in the petition, answer or stipulation showing the plaintiff either accepted Bunyan as his principal debtor or acted on the first agreement between Bunyan and Woelk. Besides that, the agreement did not express present assumption of mortgages on the land. It took the executory form of an agreement to assume. Therefore the assumption was conditioned on consummation of the agreement by delivery of warranty deed conveying merchantable title according to an approved abstract. When Woelk's title failed, Bunyan could consent to drop the sale, and could negotiate a new contract, without violating any obligation to the plaintiff.

The judgment of the district court is affirmed.