No. 29,396.

THE CAMBRIDGE STATE BANK, *Appellee*, v. JOHN DWYER, *Appellant*.

(289 Pac. 423.)

Opinion filed July 5, 1930.

*J. E. Torrance* and *O. W. Torrance,* both of Winfield, for the appellant.

*J. A. McDermott* and *Richard B. McDermott,* both of Winfield, for the appellee.

The opinion of the court was delivered by

MARSHALL, J.: The action is brought by the plaintiff as indorsee to recover on a promissory note. Judgment was rendered in favor of the plaintiff on the pleadings and the opening statement of counsel for the defendant. The defendant appeals.

The note, dated June 16, 1928, contained the following provision:

"The makers and indorsers of this note hereby severally waive presentment for payment, notice of nonpayment, protest and notice of protest, and consent that time of payment may be extended without notice thereof."

The answer and the trial statement of the defendant were, in substance, that in October, 1910, H. T. Fromm presented to the defendant a statement showing him to be indebted to Fromm in the sum of $416.72 on notes and on an account; that the defendant thereafter in that year paid to Fromm the full amount claimed by him, the most of which was represented by three promissory notes; that when the payments were completed the statement was made to the defendant by Fromm that he did not then have the notes, but

would send them to the defendant later; that later the notes were produced by Fromm and he again demanded payment of them; that on being informed by the defendant they had been paid, Fromm in effect stated, "Produce the checks showing payment," and demanded a note be given in renewal of the notes held by Fromm until the checks were produced, when, if they were produced, the new note would be returned to the defendant; that a note for the full amount was given under those circumstances; that when it became due it was renewed under the same promise on the part of Fromm; that the note was afterward renewed with the same promise by Fromm until the note sued on in the present action was given; that before the plaintiff purchased the note the defendant informed the plaintiff of the conditions under which each of the several notes had been given by the defendant to Fromm; that the checks by which the original notes and the account in favor of Fromm against the defendant had been paid were lost, and that the defendant was unable to find them until in 1928.

1. The note is nonnegotiable. (*Bank v. Gunter,* 67 Kan. 227, 72 Pac. 842; *Bank v. Heslet,* 84 Kan. 315, 113 Pac. 1052; *Bank v. Engler,* 112 Kan. 708, 212 Pac. 656; *National Bank v. Hoover,* 114 Kan. 394, 401, 219 Pac. 274.) That rendered the note subject to all defenses. (*Iron Works v. Paddock,* 37 Kan. 510, 15 Pac. 574; *Bank v. Gunter,* supra; *Bank v. Engler,* supra.)

In addition to the note being nonnegotiable, according to the answer and trial statement, the plaintiff had been informed by the defendant before the purchase of the note concerning the circumstances under which the note had been given. That rendered available all defenses the maker had against the note. (*Brook v. Teague,* 52 Kan. 119, 34 Pac. 347; *Dewey v. Bobbitt,* 79 Kan. 505, 100 Pac. 77; *Murchison v. Nies,* 87 Kan. 77, 123 Pac. 750; *Bank v. Peckham,* 108 Kan. 560, 196 Pac. 593.)

The following language is found in the syllabus to *Hutchins v. Stanley,* 88 Kan. 739, 129 Pac. 1180:

"(2) The assignee of a nonnegotiable instrument stands in the shoes of the payee. A defense available against the payee is also available against the assignee.

"(3) The new note taken in exchange for the old one is a renewal of the former obligation.

"(4) The payee of the new note is chargeable with notice of the infirmity in the original instrument because of his knowledge of the consideration, as well as from its nonnegotiable form.

"(5) The consideration of the new note is the obligation of the old one. This consideration being illegal, a recovery cannot be allowed."

See, also, 8 C. J. 444.

Under the answer and trial statement there was no consideration for the first note given, nor for any of the notes that had been given in renewal arising out of the same transaction. The defense alleged, if true, was good and should have been submitted to the jury.

2. The plaintiff claims that the defendant is estopped to plead the matter set up in his answer and in his trial statement.

In *Ergenbright v. Henderson*, 72 Kan. 29, 82 Pac. 524, this court said that—

"A party pleading an estoppel *in pais* must show: (1) that the opposing party has made some representation inconsistent with his present position, with the intent to mislead the pleader; (2) that the representation so made was known by the maker to be false; (3) that the pleader did not know that the representation was false; (4) that he believed it to be true and acted upon such belief." (Syl. ¶ 1.)

In *Street Lighting Co. v. City of Wichita*, 101 Kan. 452, 460, 168 Pac. 1090, the following language may be found:

"Where estoppel is involved as an element of the waiver there must be willful misrepresentation or fraudulent conduct misleading and tending to prevent the other party from taking the proper steps to enforce or protect his rights."

See, also, *Shott v. Linscott*, 80 Kan. 536, 539, 103 Pac. 997; *Petersen v. Skidmore*, 108 Kan. 339, 342, 195 Pac. 600; *Williams v. Insurance Companies*, 119 Kan. 502, 507, 240 Pac. 411.

No misrepresentation was made by the defendant to either Fromm or the plaintiff. No fraud was practiced by the defendant on either of those parties. If any fraud was practiced it was by Fromm on the defendant. The note was nonnegotiable and the plaintiff had notice, according to the answer and trial statement, of the fact that the note on which this action is brought had been given under circumstances which rendered it uncollectible in the hands of Fromm.

The judgment is reversed and a new trial is directed.