No. 31,858

Lizzie Osborn, *Appellee,* v. James Millikan, also known as J. B. Milliken, *Appellant.*

(38 P. 2d 104)

Opinion filed December 8, 1934.

*Robert Garvin, Evart Garvin* and *Morris Garvin,* all of St. John, for the appellant.

*D. H. Donnelly,* of Stafford, for the appellee.

The opinion of the court was delivered by

Harvey, J.: This is an action on a promissory note by the holder

against the makers and the indorsers. The makers defaulted, and judgment was taken against them. The indorser defended on the ground that the note was a nonnegotiable instrument and that his indorsement had the effect only of transferring title. Judgment was for plaintiff, and the indorser has appealed.

The note sued upon, otherwise negotiable in form, contains the following provision, which appellant contends renders it nonnegotiable (we italicize the language specifically relied upon):

*"It is understood and agreed by the indorsers, signers and guarantors, that this note may be extended by the payee or holder without notice to or the consent of either of them, any number of times, provided that the time of all such extensions does not exceed one year from the maturity thereof according to its terms,* and that it is further agreed and understood that any indorsement by the payee or holder of this note, with the consent of the maker or one of them, of an extension of the time of its payment, shall in no manner affect its negotiability, but the same shall be and is negotiable until the time to which it has been extended has expired."

Our statute, so far as here pertinent, reads:

"An instrument to be negotiable must conform to the following requirements: . . . (3) must be payable on demand, or at a fixed or determinable future time. . . ." (R. S. 52-201.)

"An instrument is payable at a determinable future time within the meaning of this act, which is expressed to be payable: (1) At a fixed period after date or sight; or (2) on or before a fixed or determinable future time specified therein; or (3) on or at a fixed period after the occurrence of a specified event which is certain to happen, though the time of happening be uncertain. An instrument payable upon a contingency is not negotiable, and the happening of the event does not cure the defect." (R. S. 52-204.)

The question for our determination is whether the note is payable "at a fixed or determinable future time," as required by these statutes. The first part of the sentence above quoted from the note authorizes the holder, without notice to or consent of the indorser or signers, to extend the time of payment any number of times, provided that the time or times of such extensions do not exceed one year from the maturity of the note, according to its terms. Under this provision it would be possible for the holder of the note to fix any one of a number of dates for the payment of the note. There is no way to tell from reading the note itself what date may be fixed by the holder for its payment. The time of payment, therefore, is uncertain, and the note, by our statute, is nonnegotiable. (See. *Bank v. Gunter,* 67 Kan. 227, 72 Pac. 842; *Sykes v. Bank,* 69 Kan. 134, 76 Pac. 393; 78 Kan. 688, 98 Pac. 206; *Bank v. Heslet,* 84

Kan. 315, 113 Pac. 1052; *Nelson v. Southworth*, 93 Kan. 532, 537, 144 Pac. 835; *Bank v. Engler*, 112 Kan. 708, 212 Pac. 656; *Cambridge State Bank v. Dwyer*, 131 Kan. 148, 289 Pac. 480.)

Appellee cites *Songer v. Bank Commissioner*, 114 Kan. 900, 220 Pac. 1060, and *Reserve State Bank v. Bank Commissioner*, 117 Kan. 186, 230 Pac. 1056. These cases involve certificates of deposit issued by banks, which certificates provide that they might be paid on any one of two or more definite future dates. We have no such instrument here. Cases are cited from other jurisdictions, but the clauses in the notes there under consideration differed materially from the one before us.

The parties seem to agree that the sole question of the indorser's liability was the negotiability of the note.

The judgment of the court below is reversed, with directions to enter judgment for appellant.