No. 39,238

MARCUS R. BRAUN and DOROTHEA E. BRAUN, *Appellants*, v. LLOYD H. ROBERTS and RUTH ROBERTS, His Wife, E. C. BIRKENSTOCK, and KROH BROS., INC., *Appellees*

(267 P. 2d 490)

Opinion filed March 6, 1954.

*Raymond H. Carr,* of Mission, and *Max O. Bagby,* of Kansas City, Mo., argued the cause, and *Rolla W. Coleman,* of Mission, and *Frank P. Barker, George J. Winger,* and *Jack E. Smith,* all of Kansas City, Mo., were with them on the brief for the appellants.

*Clark Kuppinger,* of Prairie Village, argued the cause, and *John W. Breyfogle, Jr.,* of Olathe, and *William B. Cozad,* of Kansas City, Mo., were with him on the brief for Kroh Bros., Inc., appellee.

*Neal Hambleton,* of Olathe, argued the cause and *John Anderson, Jr.,* and *Murray H. Hodges,* both of Olathe, were with him on the brief for Lloyd H. Roberts, Ruth Roberts, His Wife, and E. C. Birkenstock, appellees.

The opinion of the court was delivered by

THIELE, J.: This was an action for an injunction to prevent viola-

tion of restrictions as to the use of real estate, and demurrers of the defendants to the petition of the plaintiffs having been sustained, the plaintiffs appeal.

For clarification we have rearranged slightly the allegations of the petition, which state the following: On June 3, 1946, Kroh Bros., Inc., hereafter referred to as Kroh, filed a plat of Leawood in the office of the register of deeds of Johnson County, Kansas, and on June 5, 1946, Kroh filed in the same office a Declaration of Restrictions on the lands in Leawood, which among other things provided as follows:

"7. The land within 50 feet of any street shall be used solely for lawn purposes, driveways, and walks and no fences shall be located closer than 50 feet to any street, provided, however, Kroh Bros., Inc., its successors or assigns, shall have and do hereby reserve the right to permit such distances to be reduced to not less than twenty-five feet. All fences must be suitable to and conforming to the improvements, the types, height, and design to be approved in writing by Kroh Bros., Inc., before any such fence is constructed. Mail boxes shall be grouped in locations to be determined by Kroh Bros., Inc. No sign of any kind shall be permitted on any lot. No owner of an improved lot within the area affected by this Declaration shall allow any grass or weeds on his lot to attain a height of 5 inches."

The twelfth paragraph of the restrictions, quoted in full in the petition, is long. It provides that the restrictions run with the land and bind Kroh, and that all parties claiming by, through or under it shall be taken to agree and to covenant with Kroh and with each of them to conform to and observe the restrictions. Provisions for enforcement need no attention here.

A copy of the plat made a part of the abstract discloses that on the west side of Meadow Lane and between 89th Street on the north and 90th Street on the south there are only three lots, numbered 432, 433 and 435.

It is also alleged that plaintiffs were the owners of Lot 435 and the south half of Lot 433 in Leawood; that defendants Roberts were the owners of Lot 432 and the north half of Lot 433 and that defendant Birkenstock was a building contractor employed by Roberts to construct a house on their lots.

It is further alleged that on January 10, 1947, plaintiffs purchased from Kroh Lot 435 subject to the easements, covenants, reservations and restrictions then of record, and on March 25, 1949, they also purchased the south half of Lot 433; that immediately after their purchase of Lot 435 plaintiffs proceeded to erect a house thereon, and at that time they requested from Kroh permission to locate the

east wall of their house thirty-five feet west of the east property line, but Kroh relying upon restriction No. 7 refused such permission, and plaintiffs, in reliance upon the restriction and representation of Kroh, were required to and did construct their house fifty feet from the west line of Meadow Lane; that plaintiffs believe that Kroh has attempted to permit and authorize the other defendants to construct a house on Lot 432 and the north half of Lot 433 upon a part of the land located within fifty feet of the west line of Meadow Lane in derogation and disregard of the explicit restrictions contained in paragraph 7 thereof; that defendants Roberts and Birkenstock have excavated the lots for the purported construction of the house, and in such manner that the east wall of the house, if permitted to continue, will be thirty-five feet to the west of the west line of Meadow Lane, and that said defendants, by their statements and actions, have indicated they will not abide by the restrictions and intend to breach the same. Plaintiffs' prayer was for a mandatory injunction enjoining Kroh to revoke, vacate and set aside any pretended permission or approval granted the other defendants to construct a building on that part of Lot 432 and the north half of Lot 433 located within the fifty feet immediately west of the east line of the lots, being the west line of Meadow Lane, and compelling retention of said fifty feet for lawn purposes, driveways and walks, and for equitable relief.

Each of the defendants filed demurrers on the ground the petition did not state facts sufficient to constitute a cause of action. After a hearing on the demurrers, the trial court ruled they should be sustained and an appeal from the ruling was promptly perfected. The ruling is specified as error.

Appellants first direct our attention to authorities that the validity of the restrictions is dependent upon notice to the persons affected. That need not be debated. Plaintiffs alleged they purchased subject to the restrictions which was notice to them, and while they do not allege when defendants Roberts bought their lots, they do allege Kroh owned all of the lots when Leawood was platted and the restrictions were filed. So Roberts and Roberts had notice either actual or constructive.

Appellants also make some argument that in interpreting restrictive covenants, the intention of the parties controls. We need not dwell on that matter. Here the restrictions were imposed by a declaration of the owner, and the later conveyance to appellants

was expressly made subject to the restrictions. In *Sporn v. Over-holt*, 175 Kan. 197, 262 P. 2d 828, we considered restrictions contained in a deed, recognized the rule that covenants and agreements restricting the free use of property are strictly construed against limitations upon such free use, and held that clear and unambiguous language restricting use of land will be given its manifest meaning.

Appellants also direct attention to the rule that the exercise of the power of permission or consent to a modification creating a servitude by covenant must be reasonable. We shall not debate that proposition, for if it clearly appears the right to permit the modification in question is reserved to the grantor without exception, his exercise of that right is not subject to measurement if he acts without fraud, and no fraud is alleged.

Referring to restriction 7, appellants contend that under the language used the land within fifty feet of any street shall be used solely for lawn purposes, driveways and walks, and no fences shall be closer than fifty feet of any street, and that the provision that Kroh shall have and reserve the right to permit such distances to be reduced to not less than twenty-five feet, refers solely to the distance of fences and has no application to the preceding part of the restriction. It may be observed that is not the interpretation appellants put on the restriction when they sought permission from Kroh to erect their house closer than fifty feet to Meadow Lane, as they allege they did. Appellants' argument is that the first sentence is a compound one composed of two clauses, the first referring to land within fifty feet, describing an area as distinguished from a distance, the second referring to fences defining distances as distinguished from an area, that the word "distances" is plural to correspond with "fences" which also is plural and that the provision as to reduction of distances refers only to fences. Appellees disagree and say that if the words "such distances" were intended to refer only to fences, that provision would have been made a part of the second sentence which deals solely with fences. We shall not discuss any questions of syntax and grammatical construction which might lead us far afield, for we are of the opinion the language used is clear and unambiguous and the provision wherein Kroh reserves the right to permit distances to be reduced to not less than twenty-five feet refers to all parts of the paragraph that precede it and not merely to the fences.

Appellants argue that Kroh was estopped to grant permission to the Roberts to build their house closer than fifty feet to Meadow

Lane, for the reason it had previously refused appellants' similar request; that when Kroh refused the appellants' request it elected not to exercise its claimed right and waived its right thereafter to modify the restriction. In support they cite the first sentence found in 19 Am. Jur., pg. 650, § 50, reading:

"Generally speaking, a party will not be permitted to occupy inconsistent positions or to take a position in regard to a matter which is directly contrary to, or inconsistent with, one previously assumed by him, at least where he had, or was chargeable with, full knowledge of the facts and another will be prejudiced by his action."

The last sentence of the above section reads:

"In numerous cases, however, the courts have refused to hold that a party who had assumed one position was estopped from subsequently assuming another claimed to be inconsistent therewith, basing such refusal on the ground that the two positions were not in fact inconsistent or that for some other reason the change of position was not inequitable or unjust either generally or as against the party asserting the estoppel."

The difficulty with applying any rule of estoppel or quasi estoppel here is twofold. First there is no pleading there was any agreement or understanding that when Kroh refused appellants' request the refusal extended over and beyond the particular lots owned by appellants, or that when they purchased the same, there was then agreement from which such a conclusion could be implied. Second, the restriction itself is not susceptible of construction that refusal of a waiver as to one lot exhausts the reserved power. And it may be noted generally that the power of Kroh to waive distances, within the limits of the restriction, was well known both to it and appellants. There is no pleading that Kroh at any time made any representation inconsistent with its present position with any intent to mislead appellants; that any representation made by Kroh was false; that the appellants did not know of such falsity, and that appellants believed any such representation to be true and acted upon that belief. The elements necessary for application of an estoppel *in pais* are not present. See *Ergenbright v. Henderson,* 72 Kan. 29, syl. ¶ 1, 82 Pac. 524, and *Cox v. Watkins,* 149 Kan. 209, 213, 87 P. 2d 243.

Appellants' last contention is that as the restrictions run with the land and bind Kroh, and all parties claiming under it shall be taken to covenant with Kroh and with each of them to conform to and observe the restrictions, as provided in paragraph 12 thereof, it is a necessary condition to any modification of distances that all lot owners join therein. What restriction 12 states is that Kroh and each of them (buyers from Kroh) will conform and observe all the

restrictions. The restrictions as to modification contained in paragraph 7 grant that right to Kroh, not to all lot owners. The contention cannot be sustained.

The parties to this appeal have directed our attention to decisions from other jurisdictions which we have examined. Differences in factual situations and the wording of restrictive covenants involved are such that we think it unnecessary to refer to them.

Consideration of appellants' petition, of the demurrers to that petition and the arguments in connection with appellants' specification of error lead us to the conclusion the ruling and judgment of the trial court in sustaining the demurrers was correct and accordingly that ruling and judgment is affirmed.